**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| Valtrus Innovations Ltd. and Key Patent Innovations Ltd.,<br><br>Plaintiffs,<br><br>v.<br><br>Compass Datacenters, LLC,<br><br>Defendant. | Civil Action No. 3:26-cv-02760<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiffs Valtrus Innovations Limited ("Valtrus") and Key Patent Innovations Limited ("KPI") (collectively, "Plaintiffs"), by and through undersigned counsel, bring this complaint for patent infringement and damages against Defendant Compass Datacenters, LLC ("Compass Datacenters") and, in support, allege the following:

**PARTIES**

1. Valtrus is the successor-in-interest to a substantial patent portfolio created by Hewlett Packard Enterprise and its predecessor, subsidiary, and affiliate companies, including Hewlett-Packard Development Company, L.P. (collectively, "HPE"). Valtrus is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of Valtrus is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

2. KPI is the beneficiary of a trust pursuant to which Valtrus owns, holds, and asserts the Asserted Patent. KPI is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of KPI is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

3. On information and belief, Defendant Compass Datacenters is a limited liability company organized and existing under the laws of the State of Delaware. On information and belief, Compass Datacenters can be served with process at Corporation Service Company DBA CSC – Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, TX 78701.

## ASSERTED PATENT

4. Valtrus is the assignee of and owns all right and title to the Asserted Patent, U.S. Patent No. 6,868,682 (the ’682 Patent).

5. The Asserted Patent was developed by inventors working for HPE. HPE developed numerous innovative and diverse technologies, including groundbreaking inventions pertaining to data center cooling and analytics for monitoring conditions in data centers.

6. The ’682 Patent, entitled “Agent Based Control Method and System for Energy Management,” was duly and lawfully issued on March 22, 2005. A true and correct copy of the ’682 Patent is attached hereto as Exhibit 1.

7. The ’682 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the ’682 Patent, including the right to seek damages, including past damages, for any infringement thereof.

## JURISDICTION AND VENUE

8. This is an action for patent infringement arising under the United States Patent Laws, 35 U.S.C. § 100 et seq.

9. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

10. Defendant maintains its principal place of business in this District at 14555 N. Dallas Parkway, Suite 125, Dallas, Texas 75254. Defendant has also built and managed data centers in this District and advertises Dallas-Fort Worth as one of its data center markets.[1]

11. This Court has personal jurisdiction over Defendant. Defendant maintains its principal place of business in this District. This Court therefore has general jurisdiction over Defendant.

12. Specific personal jurisdiction is also appropriate because Defendant has built and managed data centers in this District that performed methods of cooling that infringed the Asserted Patent. Defendant advertises Dallas-Fort Worth as one of its data center markets. Defendant is registered to do business in the State of Texas. Defendant has maintained offices, employees, and business operations in Texas, and has therefore purposefully availed itself of the privileges of conducting business in Texas and has minimum contacts with the State of Texas. The exercise of personal jurisdiction is proper under the Texas long-arm statute, Tex. Civ. Prac. & Rem. Code § 17.042, and consistent with the Due Process Clause. The Court also has specific personal jurisdiction over Defendant because, on information and belief, it has performed methods at least at its Dallas-Fort Worth data center facility that infringed the Asserted Patent, such that Plaintiffs' causes of action arise directly out of its contacts with Texas.

13. Venue is proper in this District under 28 U.S.C. § 1400(b). Defendant has a regular and established place of business in this District, both at its headquarters and at its data center facilities. On information and belief, Defendant committed acts of infringement in this District at least at its Dallas-Fort Worth data center facility.

[1] https://www.compassdatacenters.com/data-center-markets/

**DEFENDANT'S DATA CENTERS AND INFRINGING CONDUCT**

14. Defendant develops and operates data centers campuses across the country. For example, Defendant advertises five data center campuses in the United States, including in Dallas.[2] Defendant's data centers implement cooling equipment from various suppliers, and Defendant used that equipment to perform methods of cooling that, on information and belief, infringed the Asserted Patent.

15. In particular, Defendant has used cooling equipment from Vertiv in its data centers. Defendant advertises partnering with Vertiv to implement Vertiv's Liebert cooling systems in its data centers.[3] Defendant's CEO also gave an interview on Vertiv's YouTube channel describing Vertiv as a long time partner to Compass Datacenters.[4] That video also shows Vertiv cooling equipment in Compass Datacenters facilities:

[2] https://www.compassdatacenters.com/data-center-markets/

[3] https://www.compassdatacenters.com/about/our-partners/; https://www.compassdatacenters.com/news/vertiv-compass-hybrid-liquid-air-cooling-ai-deployment/

[4] https://www.youtube.com/watch?v=JrL-4JKHzAs at 0:58.






16. On information and belief, Defendant may have used other cooling equipment or software from suppliers beyond those listed above in its data centers to perform methods that infringe the Asserted Patent, including, for example, Stulz, Trane, Schneider Electric,[5] and DataAire. On information and belief, Defendant may also use equipment from additional suppliers that Valtrus is not aware of from public information but that can be identified through discovery.[6]

17. Valtrus notified Compass of its infringement of its patent portfolio relating to data center technologies and sought to resolve this dispute outside litigation prior to bringing this case.

18. On January 9, 2025, Valtrus's counsel sent a letter to Compass, informing Compass about its patent portfolio and offering an opportunity to license Valtrus's patents. The letter

---

[5] Defendant advertises Schneider Electric as a partner but does not describe what Schneider Electric products it uses. https://www.compassdatacenters.com/about/our-partners/

[6] Valtrus is not asserting U.S. Patent No. 6,854,287 based on Defendant's use of Vertiv cooling equipment in light of its representation to the Eastern District of Texas that it would not assert that patent against any additional customers if the Court consolidated various pending cases. To the extent Defendant uses other equipment from Stulz, Trane, Schneider Electric, or DataAire, Valtrus intends to assert the '287 Patent in this case.

attached a representative list of data center-related patents and included claim charts demonstrating infringement of seven patents, including the ’682 Patent. The letter also noted that Valtrus had incomplete information regarding the products and methods used by Compass in its data centers because those data centers are secure facilities that are not open to the public, and offered to enter into a non-disclosure agreement with Compass to confirm the scope and extent of Compass’s infringement.

19. The parties subsequently discussed a potential licensing agreement. However, the parties were unable to reach an acceptable license.

20. Because Compass has not agreed to resolve this dispute outside of litigation, Plaintiffs have been forced to file this case to protect their valuable patent rights.

## FIRST CLAIM

### (Infringement of the ’682 Patent)

21. Valtrus re-alleges and incorporates herein by reference paragraphs 1-20 of the Complaint.

22. The ’682 Patent is generally directed to a system and method for controlling temperature in a data center based on sensory data.

23. Defendant infringed the ’682 Patent by performing methods of cooling its data centers prior to the expiration of the ’682 Patent. As described above, Defendant has used cooling equipment and control software from at least Vertiv to cool its data centers, and may have also used other cooling equipment from Stulz, Trane, Schneider Electric, DataAire, or other suppliers in a similar manner to perform the claimed methods. Exemplary claim charts reflecting how Defendant used or may have used these products to infringe claim 1 of the ’682 Patent are attached as Exhibits 2-5.

## PRAYER FOR RELIEF

WHEREFORE, Valtrus prays for judgment against Compass Datacenters, as follows:

A. That Defendant has infringed the Asserted Patent;

B. That Defendant pay Plaintiffs damages adequate to compensate Plaintiffs for its past infringement of the Asserted Patent, together with interest and costs under 35 U.S.C. § 284;

C. That Defendant pay prejudgment and post-judgment interest on the damages assessed;

D. That this is an exceptional case under 35 U.S.C. § 285; and that Defendant pay Plaintiffs' attorneys' fees and costs in this action; and

E. That Plaintiffs be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues triable to a jury.

Date: August 18, 2026

Respectfully submitted,

*/s/ Eric H. Findlay*

Eric H. Findlay (TX Bar No. 00789886)
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Suite B
Tyler, Texas 75703
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com

Connor S. Houghton* (DC Bar No. 888314379)
Natalie N. Griffin* (DC Bar No. 90005576)
Reichman Jorgensen Lehman & Feldberg LLP
1909 K Street NW, Suite 800
Washington DC, 20006
Tel: (202) 894-7310
Fax: (650) 560-3501
choughton@reichmanjorgensen.com
ngriffin@reichmanjorgensen.com

Matthew G. Berkowitz* (CA Bar No. 310426)
Aaron Morris* (CA Bar No. 341166)
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
Fax: (650) 560-3501

Patrick Colsher* (NY Bar No. 4883542)
Sean M. McCarthy* (NY Bar No. 5202593)
Reichman Jorgensen Lehman & Feldberg LLP
650 Fifth Avenue, Suite 2320

New York, NY 10019
Tel: (212) 381-1965
Fax: (650) 560-3501
pcolsher@reichmanjorgensen.com
smccarthy@reichmanjorgensen.com
mberkowitz@reichmanjorgensen.com
amorris@reichmanjorgensen.com

**pro hac vice forthcoming*

*Attorneys for Plaintiffs*